

JENNY JOHNSON-SARDELLA, ESQUIRE                                                                                     E-MAIL: JSARDELLA@HTFLAWYERS.COM
(ADMITTED NY, FL AND DC)

May 19, 2020

**Via CM/ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Rm. 1105
New York, NY 10007

   Re: *Eberhard Kornotzki v. Tariq Jawad* **-** **Case No. 1:19-cv-06689 (JMF) (DCF)**

Dear Hon. Judge Furman:

  We are counsel to Plaintiff/Counterclaim Defendant Dr. Eberhard Kornotzki ("**Dr. Kornotzki**") in the above-referenced matter.  On or about May 15, 2020, Defendant/Counterclaim Plaintiff Tariq Jawad ("**Jawad**" or "**Defendan**t") filed a letter motion (Docket Entry ("D.E.") 43) requesting permission to file certain documents in redacted form in connection with Defendant Jawad's Motion for Leave to Amend ("Motion for Leave") (D.E. 40).  Dr. Kornotzki respectfully submits this letter pursuant to Your Honor's *Individual Rules and Practices in Civil Cases* 7(C) to "explain[] the need to [ ] redact the document[s]" attached the accompanying Decalaration of Eric Porter in Support of Defendant's Motion for Leave ("Declaration").  *See* Declaration at Exhibits H and I.

  The undersigned counsel met and conferred with Defendant Jawad's counsel on May 12, 2020, and the undersigned counsel narrowed the scope of the confidential designation to the specific language redacted in the documents at Exhibit H and I of the Declaration.[1]  *See* Declaration at Exhibit H and I.  "Confidential  'commercial information' of a business— including trade secrets, confidential research, internal business documens and information about a business' operations—has been recognized repeatedly as a proper subject for sealing."  *See* Fed. R. Civ. P. 26(c)(1)(G); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 Supp. 3d 485, 511 (S.D.N.Y. 2015) (redactions of "confidential business information," including "internal business documents," "investigative reports," and "information about [ ] business operations" held "justified").   A business' information need not be a "true" trade secret in order to warrant

---

[1] Exhibit H contains a non-public document from Dr. Kornotzki's company Bridge Innovation Capital Ltd. regarding particular products sought by the Company from third-parties.  Exhibit I contains a non-public agreement between Bridge Innovation Capital Ltd. and a third-party consulting client.

Hon. Judge Jesse M. Furman<br>
May 19, 2020<br>
Page 2 of 2

protection from disclosure under Rule 26(c).  *See In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009).

The redacted portions of Exhibit H and I both contain non-public business information limited to specific business information and strategies, which "may provide valuable insights into [both Bridge Innovation Capital Ltd. and its client's] current business practices that a competitor would seek to exploit."  *See Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F.Supp.2d 606, 614 (S.D.N.Y. 1998); *see also GoSmiLE, Inc. v. Levine*, 769 F.Supp/2d 630, 649-50 (S.D.N.Y. 2011).  Dr. Kornotzki seeks to maintain under seal information relating to Bridge Innovation Capital Ltd.'s proprietary consulting services in relation to the specifc client and that client's commercial strategies.

In light of the foregoing, Dr. Kornotzki respectfully requests that Exhibits H and I remain redacted as filed at D.E. 42-8 and 42-9.  Should Your Honor require any additional information regarding this matter, please feel free to contact the undersigned.  Dr. Kornotzki appreciates the Court's attention to this matter.

Sincerely,

*Jenny Johnson-Sardella*

Jenny Johnson-Sardella

cc:   Eric Porter, Esq.
      (Via CM/ECF)

The parties' request to file documents in redacted form is temporarily GRANTED.  The Court will determine whether to maintain the documents in redacted form when deciding the underlying motion.  The Clerk of Court is directed to terminate ECF No. 43.  SO ORDERED.

May 20, 2020