```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                             :
EBERHARD KORNOTZKI,                                          :
                                                             :
                Plaintiff-Counterclaim Defendant,            :      19-CV-6689 (JMF)
                                                             :
        -v-                                                  :      MEMORANDUM OPINION
                                                             :           AND ORDER
TARIQ JAWAD,                                                 :
                                                             :
                Defendant-Counterclaim Plaintiff.            :
                                                             :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendant-Counterclaim Plaintiff Tariq Jawad seeks leave to amend his Amended Answer and Counterclaims, ECF No. 24, to add causes of action for conversion and trespass to chattels against Plaintiff-Counterclaim Defendant Eberhard Kornotzki, *see* ECF No. 40. Upon reviewing the parties' submissions, the Court grants Jawad's motion. As both parties acknowledge, because the Court set a deadline for "[a]ny motion to amend," ECF No. 17, ¶ 5, and Jawad's request was filed several months after that deadline, he must show "good cause" for the amendment under Rule 16(b)(4). *See, e.g.*, *Homes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009). Significantly, the "primary consideration" in determining whether such good cause exists is "whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Kornotzki's sole grounds for opposing the motion are that Jawad did not act diligently because he could have brought claims for conversion and trespass to chattels earlier and that Kornotzki would be prejudiced by the proposed amendment. *See* ECF No. 55, at 5-7.

Neither argument is persuasive. The Court need not dwell long on the prejudice argument: It fails substantially for the reasons stated in Jawad's Reply, *see* ECF No. 56, at 7-8,

and because the Court has since granted an extension of the deadline to complete discovery, *see* ECF No. 60.  As for the good-cause argument, Jawad included in his initial Requests for Production a request for "[a]ll documents and communications relating to archived material/documents/information generated by or sent to or from email accounts within the '@bridgeinnov.com' domain name,'" ECF No. 42-3, at 10, and Kornotzki represented that he had possession of "an offline backup of Tariq Jawad's emails from September 8, 2015 through June 19, 2019," ECF No. 42-6, at 5.  It was not until Kornotzki's April 2, 2020 production, ECF No. 42, ¶¶ 17-19, and subsequent representation to the Court that he had provided "the complete and only email archive in his possession," ECF No. 36, at 3, that it became clear that many emails had been deleted or were otherwise missing.  Jawad filed the present motion within one month later.  To be sure, Jawad may well have been able to plead the elements of the new claims earlier, but the Court will not hold against him the fact that he took incremental steps to obtain the emails in question and sought leave to amend only after those efforts failed.  He exercised due diligence, even if he did not jump straight to bringing new claims.  Further, Jawad's proposed new claims rely primarily on the alleged "delet[ion] or destr[uction]" of the emails, *see* ECF No. 42-1, ¶¶ 174-89, an allegation he would not have had reason to make until Kornotzki confirmed that the totality of the emails in his possession did not include thousands of emails that Jawad had allegedly sent and received.  In short, the Court, exercising its discretion, *see Kassner*, 496 F.3d at 243-44, finds that Jawad has shown good cause for amendment.

For the foregoing reasons, Jawad's motion for leave to amend the Amended Counterclaims is GRANTED.  Additionally, the Court approves the redactions of ECF Nos. 42-8 and 42-9, substantially for the reasons set forth in ECF No. 51 and because the Court did not need to review, let alone rely on, the redacted material to decide the underlying motion.  Jawad

shall file the Amended Counterclaims no later than July 17, 2020; per the Court's Order of June 3, 2020, Kornotzki shall answer Amended Counterclaims within two weeks of the date of this Memorandum Opinion and Order.  *See* ECF No. 54.

The Clerk of Court is directed to terminate ECF Nos. 40 and 43.

SO ORDERED.

Dated: July 16, 2020
New York, New York

JESSE M. FURMAN
United States District Judge

3